IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIE JAMES JONES, #A0193986, | ) ) | CIV. NO. 18-000394 JAO-KJM |
|---|---|---|
| Petitioner, | ) ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| SCOTT HARRINGTON, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

Before the court is pro se petitioner Willie James Jones's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition). ECF No. 1. Jones challenges his conviction and sentence in *State v. Jones*, CR. No. 95-1384 (Haw. 1st Cir. Aug. 19, 1996), imposed by the Circuit Court of the First Circuit, State of Hawaii (circuit court). *See* Pet., ECF No. 1.

Jones was ordered to show cause in writing on or before November 30, 2018, explaining why the Petition should not be dismissed as time-barred. Order, ECF No. 3. He has not done so. Respondent was ordered to file a Preliminary Answer or Dispositive Motion regarding Jones' Petition, and did so on December 18, 2018. *See* Preliminary Answer to Petitioner Jones' Petition for Writ of Habeas Corpus, ECF No. 8.

The court has carefully reviewed the Petition, Preliminary Answer, and public state records and opinions. Nothing within the Petition, the Preliminary Answer, or the public record shows that Jones is entitled to an alternative date for commencing the statute of limitation, or to equitable tolling. The Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1) and is DISMISSED with prejudice. Any request for a certificate of appealability is DENIED.

## I. **BACKGROUND**[1]

Jones was convicted by jury trial of sexual assault in the first degree and kidnaping on November 22, 1995. The circuit court sentenced Jones to extended, concurrent terms of life imprisonment with the possibility of parole for the sexual assault charge, and twenty years incarceration for the kidnaping charge. The Hawaii Supreme Court affirmed Jones's conviction and sentence on June 9, 1997, and denied reconsideration on July 9, 1997.

On November 5, 1998, Jones, represented by counsel, filed his first post-conviction petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP) (First Rule 40 Petition). *See* Resp't Ex., ECF No. 8-1, PageID #62-68; *State v. Jones*, 2017 WL 1532699, at *1 (Haw. App. 2017). The circuit court

---

[1]Taken from the Petition, the Preliminary Answer, Hawaii state court opinions, and public records. *See* 28 U.S.C. § 2254(e)(1); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.").

denied the First Rule 40 Petition on June 7, 2000, and Jones appealed. The Hawaii Supreme Court affirmed the circuit court's order on May 17, 2002.

On October 18, 2005, Jones filed a Second Rule 40 Petition; the circuit court denied the Second Rule 40 Petition on March 15, 2006. It does not appear that Jones appealed this decision.

On October 29, 2009, Jones filed a Third Rule 40 Petition, again represented by counsel. The circuit court denied the Third Rule 40 Petition on February 16, 2011, and Jones appealed. On February 29, 2012, the Intermediate Court of Appeals (ICA) affirmed the circuit court's order. The Hawaii Supreme Court rejected Jones's application for certiorari on August 2, 2012.

On November 8, 2013, Jones, again represented by counsel, filed a Fourth Rule 40 Petition, which the circuit court denied on July 30, 2014. On April 27, 2017, the ICA affirmed; the Hawaii Supreme Court rejected Jones' application for certiorari on September 25, 2017.

On July 6, 2017, Jones, represented by counsel, filed a Fifth Rule 40 Petition. On May 30, 2018, the circuit court denied the Fifth Rule 40 Petition and Jones appealed. That appeal is currently pending before the ICA. *See Jones v. State*, No. CAAP-18-0000532 (Haw. App. 2018).

Jones filed the present Petition on October 10, 2018.[2] He alleges that: (1) his conviction violated his right to be free from double jeopardy; (2) his trial attorney was ineffective; and (3) the circuit court improperly instructed the jury.

## II. **28 U.S.C. § 2244**

A one-year statute of limitation applies to all habeas petitions filed by prisoners in state custody, subject to certain tolling conditions. *See* 28 U.S.C. §§ 2244(d)(1). The statute of limitation period runs from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[2] The date that Jones gave the Petition to prison officials for mailing. *See Stillman v. Lamarque*, 310 F.3d 1199, 1201 (9th Cir. 2003) (discussing "prison mailbox rule").

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, regardless of whether the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). That is, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding petitioner's conviction became final 90 days after the California Supreme Court denied review and he did not file petition for certiorari); *Bowen*, 188 F.3d at 1159 (same). The limitation period is tolled while a "properly filed" State post-conviction petition is pending. *Id.*, § 2244(d)(2).

## III. DISCUSSION

Jones's conviction and sentence were final on **October 8, 1997,** ninety-days after the Hawaii Supreme Court denied reconsideration of its order affirming Jones's judgment of conviction and the time for seeking certiorari with the Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen*, 188 F.3d at 1159. The statute of limitation began to run on Jones' claims on **October 9, 1997**, and expired one year later on **October 8, 1998**. Jones did not file his First Rule 40 Petition until **November 5, 1998**, twenty-nine days after the statute expired.

5

## A. No Alternate Date for Commencing the Statute of Limitation Applies

Jones is not entitled to tolling of the limitation period while he pursued his First, Second, Third, Fourth, and Fifth Rule 40 Petitions under 28 U.S.C. § 2244(d)(2), because the limitation period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that a post-conviction petition filed *after* the statute of limitation expires does not reinitiate the limitation period); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). Nothing in the record before the court supports a finding that another statutory date applies. Jones does not allege that he was impeded from filing a federal habeas petition by State action, nor could he in light of his obvious ability to file five Rule 40 Petitions during the last twenty years. *See* 28 U.S.C. § 2244(d)(1)(B). He sets forth no newly discovered factual predicate for his claims that could not have been discovered earlier through the exercise of due diligence. *Id.*, § 2244(d)(1)(D).

Jones *may* be challenging his extended term sentences in his pending Fifth Rule 40 Petition, based on the Hawaii Supreme Court's recent holding in *Flubacher v. State*, 414 P.3d 161 (2018),[3] but this is not evident from the Petition or Preliminary Answer and its exhibits. Nor is a challenge to state sentencing law

---

[3]*Flubacher* held that "any extended term sentence imposed after June 26, 2000, in which the court, not a jury, found the fact of 'necessary for protection of the public' is in violation of *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)]." 414 P.3d at 166. Jones's sentence was imposed three years before *Apprendi* was decided.

relevant to this federal Petition. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (stating federal habeas courts may not "reexamine state-court determinations on state-law questions."). Further, Jones is foreclosed from raising an *Apprendi*[4] claim herein because *Apprendi* does not apply retroactively to cases decided before it was announced. *See United States v. Sykes*, 658 F.3d 1140, 1147 (9th Cir. 2011); *United States v. Hogan*, 2012 WL 1901197, *1 (D. Nev. May 24, 2012) ("It is well settled that *Apprendi* and its progeny do not apply retroactively to cases on collateral review that . . . were final before the *Apprendi* decision was announced.") (citing *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004), and *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005)). Jones is not entitled to a later date for commencing the statute of limitation under § 2244(d)(1).

**B.     No Basis for Equitable Tolling**

A petitioner may be entitled to equitable tolling if he can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005); *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009). Equitable tolling is rarely justified, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003),

---

[4]*See Apprendi*, 530 U.S. at 490 (holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt).

because the term "'extraordinary circumstances' necessarily suggests the doctrine's rarity," and implies "that an external force must cause the untimeliness, rather than . . . merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009 (quoting *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008)). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating, "'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'") (citation omitted).

Jones asserts no argument for equitable tolling. The record shows that Jones has filed five post-conviction petitions within the past twenty years, belying any argument that extraordinary circumstances beyond his control prevented him from filing the instant Petition. He also filed a civil rights suit in this court in June 2018, showing that he had the ability to file a federal habeas petition before he commenced this action. *See Jones v. Soong*, No. 18-cv-00226 JAO (dismissed

9/26/2018 for failure to state a claim). Jones fails to establish that he is entitled to equitable tolling of the statute of limitation. *See Pace*, 544 U.S. at 418.

Jones commenced this federal action on October 10, 2018, almost twenty years after the statute of limitation expired on his claims. He is not entitled to an alternative date for commencement of the statute of limitation or to equitable tolling and the Petition is DISMISSED as time-barred.

## IV. **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. *See also*, Fed. R. App. P. 22(b). When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quotation omitted). Reasonable jurists would not find the dismissal of this Petition debatable or wrong. Any request for a certificate of appealability is denied.

## V. **CONCLUSION**

Jones's Petition is DISMISSED as time-barred pursuant to 28 U.S.C. § 2244(d). A certificate of appealability is DENIED. Any pending motions are DENIED. The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 7, 2019.



Jill A. Otake
United States District Judge

*Jones v. Harrington,* No. 1:18-00394 JAO-KJM; Habeas '18 Jones 18-394 JAO (dsm SOL)